IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHRISTA COOK, individually and as survivor and next of Kin to Chriteris Allen; CHRISTOPHER DERICK MONTOGOMERY, individually and as survivor and next of kin to Chriteris Allen;<br><br>Plaintiff,<br><br>v.<br><br>CORECIVIC, INC., CORECIVIC OF TENNESSEE, DAMON T. HININGER, PATRICK SWINDLE, JASON MEDLIN, VINCE VANTELL, TAMEKIO WARREN, DENITA JONES, EUGENE SAPP, KASHUNDRA BROWN, DASITY JONES,<br><br>Defendants. | No.: 3:24-cv-00095 |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendants, CoreCivic, Inc., CoreCivic of Tennessee, Damon T. Hininger, Patrick Swindle, Jason Medlin, Vince Vantell, Tamekio Warren, Denita Jones, Eugene Sapp, Kashundra Brown, and Dasity Jones ("Defendants"), by and through counsel, submit the following supplemental authority in support of their pending Motion to Dismiss (ECF No. 60) and memorandum of law in support of same (ECF No. 61).

In *Caraway v. CoreCivic of Tenn., LLC, et al.*, the Sixth Circuit this year upheld the dismissal of claims closely resembling those asserted by Plaintiffs in the above-styled matter at the motion to dismiss stage. 98 F.4th 679 (6th Cir. 2024). In *Caraway*, the Court was presented

with similar factual circumstances to those alleged by Plaintiffs here. There, officers at Whiteville Correctional Facility ("WCF")—the same facility at issue here—discovered an inmate, Darius Caraway, unresponsive in his cell. *Id*. at 681. An autopsy revealed Caraway died of a fentanyl overdose. *Id*. at 682.

Caraway's mother believed his death was preventable and brought suit against CoreCivic and three of its officials, asserting that each defendant violated Caraway's Eighth Amendment rights by failing to protect him from overdosing. *Id*. Just like in this lawsuit, the plaintiff argued that CoreCivic deliberately understaffed its facilities because it allegedly places profits ahead of inmate safety. *Id*. Due to this purported understaffing, the plaintiff argued that CoreCivic failed to properly screen prison guard applicants, and that new hires allegedly smuggled in illegal drugs (namely, fentanyl). *Id*. The plaintiff contended—just as Plaintiffs do here—that this supposed smuggling and lack of supervision allowed fentanyl to proliferate at WCF. *Id*. According to the plaintiff, the defendants knew about this proliferation but did nothing about it. *Id*. Finally, the plaintiff argued that the unchecked spread of drugs directly led to Caraway's death by overdose. *Id*. Thus, the plaintiff contended that the individual defendants inflicted cruel and unusual punishment on Caraway by understaffing WCF, and that CoreCivic was liable because understaffing was a matter of company policy. *Id*. at 682-83.

To support this theory, the plaintiff relied on two audits of the Tennessee Department of Correction conducted by Tennessee's comptroller. *Id*. at 682. The first audit completed in 2017—and cited by Plaintiffs in their Amended Complaint (ECF No. 55, ¶ 40)—found that WCF "operated with fewer staff than allowed by the approved staffing pattern." *Id*. That deficiency "may have limited [Whiteville's] ability to effectively manage the inmate population[]" it housed. *Id*. "Most critical posts were staffed," the audit clarified, but overall staffing levels did not meet

WCF's requirements. *Id*. A second audit released in 2020 revealed similar staffing shortages in CoreCivic and state prisons throughout Tennessee. *Id*.

The defendants moved to dismiss the complaint under Rule 12(b)(6). *Id*. Ultimately, the district court granted defendants' motion. *Id*. Specifically, the district court held that the plaintiffs' claims amounted to conclusory allegations of unconstitutional conduct devoid of well-pled factual support. *Id*. The plaintiff appealed, and the Sixth Circuit upheld dismissal. *Id*.

In upholding dismissal, the *Caraway* Court determined that the plaintiff failed to adequately plead an objectively serious risk of harm as the complaint contained only generalized allegations that the prison's understaffing led to rampant drug use. *Id*. at 683-86. The Court explained that "a failure-to-protect claimant can't state an objectively excessive risk of harm by simply pointing to physical harm that occurred after the violation." *Id*. at 685. Instead, "[e]ven where a serious injury occurs, the objective prong of a failure-to-protect claim requires an analysis of the risk to the injured party *before* the alleged injury occurred." *Id*. (quoting *Zakora v. Chrisman (In re Est. of Zakora)*, 44 F.4th 452, 469 (6th Cir. 2022) (emphasis added)). The relevant constitutional "injury" is the exposure to an objectively excessive risk, "not any physical harm that befalls the inmate because of that risk." *Id*. In fact, "[s]erious physical harm—even death—does not *ipso facto* satisfy a failure-to-protect claim's objective component." *Id*. That means "a § 1983 plaintiff must plausibly show a causal connection between the defendant's act or omission and his injury." *Id*. (citing *Pineda v. Hamilton Cnty.*, 977 F.3d 483, 490-91 (6th Cir. 2020)). "In a failure-to-protect claim, the injury is deliberate exposure to excessive risk of serious harm." *Id*. Thus, the plaintiff must show that "the defendants' unconstitutional act or omission failed to alleviate the excessive risk he faced." *Id*. (citing *Zakora*, 44 F.4th at 469-70 (collecting cases)). That means the plaintiff must have "allege[d] facts supporting the conclusion that the defendants' understaffing

caused drugs to proliferate at Whiteville." *Id*. at 685-86. The Court held that the plaintiff failed to do so. The Court explained that the complaint "contain[ed] only generalized allegations that Whiteville's understaffing 'led to' rampant drug use, apparently in part because officials couldn't perform adequate head counts and inspections." *Id*. at 686. But, "that kind of conclusory statement, unaccompanied by factual support, receives no presumption of truth." *Id*. (citing *Iqbal*, 556 U.S. at 678; *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986)). The Court reiterated that "[i]n a § 1983 claim, it's not enough to simply state that the causation requirement is satisfied; that legal conclusion must be supported by '[s]ome factual basis' showing a causal link.'" *Id*. (quoting *Chapman*, 808 F.2d at 465). And the Court made clear that an "allegation that intentional understaffing caused drug proliferation at Whiteville" is thus "nothing more than a the-defendant-unlawfully-harmed-me accusation, which the district court properly rejected." *Id*. (citing Iqbal, 556 U.S. at 678). At best, the Court concluded, the complaint raised the inference that new guard hires allowed the drugs to enter WCF, "[b]ut that inference—to whatever extent it's a 'reasonable' one—has no well-pled connection to understaffing, […] [n]or does it show more than a 'mere possibility' that understaffing caused or otherwise enabled guard-facilitated smuggling" and "[p]leading standards demand more." *Id*. (internal citations omitted). Accordingly, the Court determined that the complaint failed to adequately plead an objectively serious risk of harm, and "[t]hat's enough to sink [an] Eighth-Amendment claim." *Id*.

In addition, the Court found that even if the plaintiff had met the objective-risk-of-harm component, it could not meet the subjective component for two reasons. *Id*. First, the plaintiff's complaint did not sufficiently allege that the defendants knew of a drug problem at WCF, despite that the complaint contained "numerous allegations that the defendants 'had knowledge' of a drug-smuggling problem at Whiteville and other CoreCivic facilities" *Id*. The Court explained that the

complaint failed to "offer any factual details to support" the conclusion—"such as how the defendants obtained that knowledge, when they obtained it, or what that knowledge entailed." *Id*. The Court determined that "[w]ithout more details, the allegations simply recite the subjective element of the estate's failure-to-protect-claim," and "[t]hat's not enough." *Id*.

Second, the Court found that the plaintiff's complaint failed to allege that officials did not reasonably respond to the alleged risk concerning supposed "understaffing," finding that the plaintiff's "own submissions show that the defendants responded reasonably." *Id*. at 687. The Court addressed in detail the 2017 audit (which Plaintiffs rely on here), stating that the evidence presented in the audits make it "hard to say the defendants deliberately ignored the staffing problem," finding instead that "[f]ar from showing indifference, the audits indicate that CoreCivic 'act[ed] reasonably' to address the shortage." *Id*. (quoting *Farmer*, 511 U.S. at 845). Thus, the Court concluded that the plaintiff could not meet the subjective requirement of its claim, and upheld the district court's dismissal. *Id*.

With regard to the concomitant *Monell* claims, the Court found that "because the complaint doesn't allege an underlying constitutional violation, those [*Monell*] claims fail." *Id*. (citing *Baynes v. Cleland*, 799 F.3d 600, 622 (6th Cir. 2015)).

Accordingly, Defendants respectfully request this Court take notice of both the Sixth Circuit's decision in *Caraway* as well as the Sixth Circuit's reasoning addressed herein when making its ruling concerning Defendants' pending Motion to Dismiss (ECF No. 60). For the reasons addressed thoroughly within Defendants' memorandum in support of its motion (ECF No. 61) as well as for the same reasons the Sixth Circuit upheld dismissal of the complaint in *Caraway*, all of Plaintiffs' claims in the above-styled matter should be dismissed in their entirety for failure to state a claim.

Respectfully submitted,

PENTECOST, GLENN & TILLY, PLLC

By: s/Nathan D. Tilly
Nathan D. Tilly (#31318)
Haynes T. Russell (#036923)
*Attorneys for Defendants*
162 Murray Guard Drive, Suite B
Jackson, Tennessee 38305
(731) 668-5995 – Telephone
(731) 668-7163 – Facsimile
ntilly@pgtfirm.com
hrussell@pgtfirm.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served via the United States Postal Service upon the following:

Janet H. Goode
917 S. Cooper Street
Memphis, TN 38104

Ty Clevenger
P.O. Box 20753
Brooklyn, NY 11202-0753

on or before the filing date thereof.

DATE: This the 18th day of July, 2024.

By: s/Nathan D. Tilly
Nathan D. Tilly